UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFANIE S., <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No.: 3:20-cv-1134-RBM <br><br> **ORDER REMANDING DECISION OF COMMISSIONER OF SOCIAL SECURITY** <br><br> [Docs. 15, 19] |

## I.     INTRODUCTION

On June 23, 2020, Plaintiff Stefanie S. ("Plaintiff") filed a complaint under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner of Social Security's ("Commissioner" or "Defendant")[1] denial of disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act ("the Act"). (Doc. 1.)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021 and is therefore substituted for Andrew M. Saul as Defendant. *See* 42 U.S.C. § 405(g); FED. R. CIV. P. 25(d).

1

Before the Court are Plaintiff's Merits Brief ("Merits Brief") (Doc. 15), Defendant's combined Cross-Motion for Summary Judgment and Opposition to Plaintiff's Merits Brief ("Opposition Brief") (Doc. 19),[2] and Plaintiff's Reply to Defendant's Opposition Brief (Doc. 21). The parties consented to the undersigned's jurisdiction. (Doc. 5; Gen. Or. 707.) Considering the papers, the Administrative Record ("AR"), the facts, and the applicable law, Plaintiff's Merits Brief is **GRANTED**, Defendant's Opposition Brief is **DENIED**, and the Administrative Law Judge's ("ALJ") decision is **REMANDED** for further proceedings.

## II.  BACKGROUND AND PROCEDURAL HISTORY

On July 20, 2016, Plaintiff filed an application for disability insurance benefits and supplemental security income under Titles II and XVI of the Act wherein Plaintiff alleged her disability began on November 1, 2011.[3] (AR, at 16.) The Social Security Administration denied Plaintiff's claims initially on December 1, 2016, and upon reconsideration on August 1, 2017. (*Id.*) On August 29, 2017, Plaintiff requested a hearing before an ALJ, which was held on January 8, 2019. (*Id.*) Plaintiff appeared at the January 8, 2019 hearing, in San Diego, California, with counsel. (*Id.*) The ALJ elicited testimony from Plaintiff and Mark Reimas, a vocational expert ("Vocational Expert"). (*Id.*)

On April 2, 2019, the ALJ issued a written decision finding Plaintiff was not disabled as defined in the Act from November 1, 2011 through the date of the decision. (AR, at 16–17.) On April 23, 2020, the Appeals Council denied review of the ALJ's ruling, and the ALJ's decision became the final decision of the Commissioner pursuant to 42 U.S.C. §

---

[2] As set forth in the Court's briefing schedule (Doc. 14), the undersigned ordered Plaintiff to file a merits brief pursuant to Civil Local Rule 7.1(e)(6)(e). Plaintiff, however, styled the brief as a motion for summary judgment and inappropriately cited Federal Rule of Civil Procedure 56. (Doc. 15.) Defendant also styled its brief as a cross-motion for summary judgment and inappropriately cited Rule 56. (Doc.19.) The Court will construe Plaintiff's filing as a merits brief and Defendant's filing as an opposition brief. (*See* Doc. 14.)

[3] All AR citations refer to the number on the bottom right-hand corner of the page, rather than page numbers assigned by CM/ECF.

2

405(h). (Doc. 15–1 at 2.) Plaintiff filed a complaint in this Court on June 23, 2020. (Doc. 1.)

### III.   SUMMARY OF ALJ'S FINDINGS

In the decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (AR, at 19.) The ALJ then followed the five-step sequential evaluation process to determine whether Plaintiff is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 1, 2011. (AR, at 19.)

At step two, the ALJ found Plaintiff suffered from the following severe impairments: history of fibromyalgia, radial tenosynovitis, history of deep vein thrombosis, trigger finger, lumbar spondylosis and/or degenerative disc disease of the lumbar spine, status post bilateral carpal tunnel release, irritable bowel syndrome, migraine headaches, bipolar disorder, obsessive compulsive disorder, and history of drug dependence. (*Id.*)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*)

Next, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to:

> [L]ift, carry, push and pull 20 pounds occasionally and 10 pounds frequently; stand and/walk 6 hours in an 8–hour workday; sit 6 hours in an 8–hour workday; occasionally climb ramps and stairs; never climb ladders, ropes or scaffolds; occasionally balance, stoop, crouch and crawl; frequently able to handle and finger bilaterally; work in close proximity to a restroom (defined as in the same building); avoid hazards, including being around unprotected heights and dangerous moving machinery; able to carry out simple, routine, repetitive tasks with breaks every 2 hours.

(AR, at 20–21.)

/ / /

/ / /

3

At step four, the ALJ analyzed the evidence in the record and found Plaintiff unable to perform any past relevant work as a process server or courier. (AR, at 25.) The ALJ gave significant weight to Jaga Nath Glassman, M.D. ("Dr. Glassman"), who conducted a consultative psychiatric evaluation of Plaintiff. (*Id.* at 24.) The ALJ summarized Dr. Glassman's findings stating, "[Plaintiff] was able to behave in a socially appropriate manner, get along adequately with others; understand and follow simple and complex instructions; adapt to some degree of changes and stressors in a workplace setting; and maintain concentration, persistence and pace for at least simple tasks." (*Id.*) The ALJ noted Dr. Glassman's opinion is "consistent with the findings of April Johnson, PsyD, who evaluated [Plaintiff] on three occasions . . . Dr. Johnson found that [Plaintiff] did not demonstrate any apparent deficits in her cognitive abilities including language, attention and memory." (*Id.*)

The ALJ generally acknowledged the opinion of a state agency mental health consultant, Robert Liss, Ph.D. ("Dr. Liss"), although he did not refer to the consultant specifically by name. (AR, at 24; Doc. 15–1 at 6.) The ALJ summarized Dr. Liss' opinion finding "[Plaintiff] could understand, remember and maintain concentration, persistence and pace for simple (1–2 step tasks) work." (AR, at 24.) The ALJ did not explicitly assign any particular weight to this opinion.

The ALJ gave significant weight to Dan Whitehead, Ph.D. ("Dr. Whitehead"), who conducted a consultative psychological evaluation of Plaintiff. (*Id.*) Dr. Whitehead found no significant impairment in Plaintiff's mental functional domains and concluded Plaintiff appeared to function at a "variety of work activities that require simple tasks performed at a constant level." (*Id.*) The ALJ found "[Dr. Whitehead's] opinion . . . consistent with the findings of Dr. Glassman" and "consistent with the findings of Dr. Johnson." (AR, at 24–25.)

At step five, after considering Plaintiff's age, education, work experience and RFC, the ALJ found there are jobs existing in significant numbers in the national economy that Plaintiff can perform. (*Id.* at 26.) Specifically, the ALJ found Plaintiff able to perform

4

jobs such as inspector, folder, and bench assembler. (AR, at 26.) Because the ALJ found Plaintiff capable of performing jobs existing in significant numbers in the national economy, the ALJ determined Plaintiff was not disabled under the Act. (*Id.* at 27; 20 C.F.R. § 404.1520(g)(1)).

## IV. ISSUE IN DISPUTE

The Court's review is limited to one issue:

1. Did the ALJ fail to properly evaluate the opinion of Dr. Liss, the state agency psychologist? (Doc. 15–1 at 4; Doc. 19 at 5; Doc. 21 at 3.)

## V. STANDARD OF REVIEW

The Act provides for judicial review of a final agency decision denying a claim for disability benefits in federal district court. 42 U.S.C. § 405(g). "[F]ederal court review of social security determinations is limited." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). A federal court will uphold the Commissioner's disability determination if it is free of legal error and is supported by substantial evidence. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (citing *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006)). Substantial evidence means "more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal citation omitted). In reviewing whether the ALJ's decision is supported by substantial evidence, the Court must consider the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion . . . ." *Lingenfelter*, 504 F.3d at 1035 (quoting *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)).

The ALJ is responsible for "determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *E.g.*, *Garrison*, 759 F.3d at 1010 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). When evidence supports more than one rational interpretation, the ALJ's conclusion must be upheld. *E.g.*, *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Johnson v. Colvin*,

949 F. Supp. 2d 1025, 1030 (S.D. Cal. 2013) (noting reviewing court should defer to the ALJ's decision when the record would support more than one rational interpretation). Stated differently, when "the evidence can reasonably support either affirming or reversing a decision, [the court] may not substitute [its] judgment for that of the [ALJ]." *Garrison*, 759 F.3d at 1010 (internal citation omitted). Rather, the court only reviews the reasons provided by the ALJ and may not affirm the ALJ on other grounds. *Id.*

## VI. DISCUSSION

Plaintiff contends the ALJ's decision should be reversed or remanded for committing legal error by failing to properly evaluate the opinion of the state agency psychologist, Dr. Liss, in determining Plaintiff's RFC. (Doc. 15–1 at 4, 8–9.) In making this argument, Plaintiff focuses on the ALJ's step five finding, which found Plaintiff capable of reasoning level two jobs whereas Dr. Liss' opinion limits Plaintiff to reasoning level one jobs. (*See* Doc. 15–1 at 4.) Defendant counters that "[t]he ALJ did not reject Dr. Liss' opinion because his RFC findings, limiting Plaintiff to work involving only simple, routine, repetitive tasks are consistent with Dr. Liss' opinion." (Doc. 19 at 6.) Defendant also argues the ALJ's RFC finding is properly supported by substantial evidence. (*Id.* at 4.)

### A. Comparing Dr. Liss' Findings with the ALJ's Step Five Analysis

In determining Plaintiff's ability to perform work in the national economy at step five, the ALJ considers claimant's RFC, which is "defined as the most that a claimant can do despite physical and mental limitations caused by his impairments and related symptoms." *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015) (quoting 20 C.F.R. § 416.945(a)(1) (internal citation omitted)). "The ALJ then considers potential occupations that the claimant may be able to perform." *Zavalin*, 778 F.3d at 845; *see also* 20 C.F.R. § 416.966. "In making this determination, the ALJ relies on the [Dictionary of Occupational Titles], which is the [Social Security Administration's] 'primary source of reliable job information' regarding jobs that exist in the national economy." *Zavalin*, 778 F.3d at 845–46 (quoting *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990)). The ALJ also

considers the testimony of a vocational expert who describes the specific occupations a claimant may perform in light of that individual's RFC. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). Finally, the ALJ decides "whether, given the claimant's RFC, age, education, and work experience, he actually can find some work in the national economy." *Valentine*, 574 F.3d at 689; *see also Zavalin*, 778 F.3d at 846.

Here, Plaintiff contends Dr. Liss would disagree with the ALJ's mental RFC determination. (Doc. 15–1 at 5.) "Dr. Liss served as the non-examining state agency psychologist charged with the duty of reviewing the medical evidence, and providing assessments regarding [Plaintiff's] functioning capabilities." (*Id.*) It is Plaintiff's position that Dr. Liss determined Plaintiff is limited to 1–2 step tasks and that the Dictionary of Occupational Titles ("DOT") classifies this limitation as requiring reasoning level one. (*Id.*) Plaintiff states the three alternate occupations identified by the ALJ—inspector (DOT No. 559.687–074), folder (DOT No. 369.687–018), and bench assembler (DOT No. 706.684–022)—require reasoning level two per the DOT. (Doc. 15–1 at 5; AR, at 26.) Plaintiff argues that "[h]ad the ALJ credited Dr. Liss' opinions as true, the appropriate conclusion is that [Plaintiff] is *incapable* of performing any of the alternate occupations that the ALJ identified." (Doc. 15–1 at 5 (emphasis added).)

Defendant acknowledges that the ALJ did not explicitly assign weight to Dr. Liss' opinion. (Doc. 19 at 6.) However, Defendant counters that the ALJ's findings limiting Plaintiff to work involving simple, routine, repetitive tasks "reasonably incorporated" Dr. Liss' opinion. (Doc. 19 at 6 (citing AR, at 20–21).) In an attempt to explain how the ALJ incorporated Dr. Liss' opinion, Defendants cite to Dr. Liss' medical evaluation. (Doc. 19 at 6 (citing AR, at 156, 160).) Dr. Liss' evaluation found Plaintiff "capable of sustaining simple work" and "able to understand and remember 1–2 step task[s]," and Defendants cite to Dr. Liss' overall conclusion that "[Plaintiff] is able to meet the basic mental demands of simple work on a sustained basis." (Doc. 19 at 6 (citing AR, at 161).) As such, Defendant contends that the ALJ's "RFC findings of simple, routine, repetitive tasks" are consistent with Dr. Liss' opinion. (Doc. 19 at 8.) However, Defendant's arguments are premised on

7

post-hoc rationalization, which is impermissible. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) ("[l]ong-standing principles of administrative law require [this court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking" (internal citation omitted)); *see also Lloyd B. v. Saul*, No. 19-CV-07717-DMR, 2021 WL 1639874, at *4 (N.D. Cal. Apr. 27, 2021). In any event, there is a conflict between Plaintiff's RFC and the step five determination.

In *Rounds v. Commissioner of Social Security Administration*, 807 F.3d 996, 1003 (9th Cir. 2015), the Ninth Circuit held there was "an apparent conflict between [the claimant's] RFC, which limits her to performing one- and two-step tasks, and the demands of Level Two reasoning." *See also Jones v. Berryhill*, No. CV 17-07404-AFM, 2018 WL 3689560, at *2 (C.D. Cal. July 31, 2018) (explaining "while an RFC to performing simple, routine tasks is consistent with Level [two] reasoning, an RFC to one- to two-step tasks is not"). "The conflict in *Rounds* focused on the differences between the RFC-imposed limitation to one and two-step jobs and [a] Vocational Expert's identification of appropriate jobs falling at the Reasoning Two level." *Wilson v. Colvin*, No. 16-CV-01971-WHO, 2017 WL 1861839, at *6 (N.D. Cal. May 9, 2017). In this case, Plaintiff does not argue an inconsistency exists between the ALJ's RFC determination, which is that Plaintiff may perform "simple, routine, repetitive tasks," and the Vocational Expert's testimony identifying level two jobs. (*See* AR, at 21.) Rather, the alleged conflict is between Dr. Liss' assessment, which appears to match level one reasoning, and the ALJ's RFC determination which is consistent with jobs requiring level two reasoning. (*See* Doc. 15–1 at 5.)

"Following *Rounds*, a number of district courts in [the Ninth Circuit] have reversed ALJ decisions imposing a 'simple, repetitive tasks' RFC limit where the ALJs fail to address and distinguish conclusions by doctors that claimants can perform one-and-two step instructions." *Wilson*, 2017 WL 1861839, at *6; *see also Banales v. Berryhill*, No. EDCV 16-1247 AGR, 2017 WL 651941, at *2 (C.D. Cal. Feb. 16, 2017) (remanding where

8

ALJ acknowledged a state agency physician's functional assessment that claimant could perform one or two step directions, but did not expressly discount that conclusion and instead limited claimant to performing "simple repetitive tasks"); *Wells v. Colvin*, No. 1:15-CV-0285-JLT, 2016 WL 4744668, at *8 (E.D. Cal. Sept. 13, 2016) (remanding where ALJ purported to accept the opinion of the doctor "who reviewed the medical evidence and concluded Plaintiff could 'sustain simple one-two step repetitive tasks,'" but "did not adopt this limitation in the RFC, instead limiting Plaintiff to 'simple, routine, and repetitive tasks.'"); *Navarro v. Astrue*, No. CV 10-217-PLA, 2010 WL 5313439, at *5 (C.D. Cal. Dec. 16, 2010) (concluding that the "ALJ's determination that plaintiff can do simple work (*i.e.*, jobs with GED reasoning levels of one and two) did not adequately encompass" the doctor's conclusion that plaintiff could perform one-and-two step instructions).[4] Thus, there is an inconsistency between Dr. Liss' findings and the step five determination that Plaintiff is capable of performing reasoning level two jobs.

B.  The ALJ Did Not Provide Justification for Rejecting Dr. Liss' Opinion

An ALJ may discount the opinion of a non-examining physician; however, he must do so "by reference to specific evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ did generally acknowledge Dr. Liss' opinion recommending a limitation to 1–2 step tasks. (AR, at 24.) However, the ALJ failed to adopt this limitation in the RFC because a 1–2 step task limitation is more restrictive than an RFC determination that Plaintiff can perform "simple, repetitive tasks."

---

[4] "A number of cases pre-dating *Rounds* concluded the opposite, in part based on the rationale that the doctors' opinions that claimants could perform one or two-step instructions were not limitations *per se* but assessments of what claimants could do and as long as the ALJ['s] 'simple, repetitive tasks' RFCs were not otherwise in conflict with the evidence, there was no error." *Wilson*, 2017 WL 1861839, at *7 n.5; *see, e.g., Johnson v. Colvin*, No. 13-CV-04862-EDL, 2014 WL 5794337, at *8 (N.D. Cal. Nov. 6, 2014) ("Plaintiff's doctors did not phrase the one-to two-step job instructions as a limitation, and the ALJ weighed the evidence from the whole record to make a rational determination that Plaintiff retained an RFC for simple, repetitive tasks.")

*See Burson v. Berryhill*, No. 15-CV-04991-DMR, 2017 WL 1065140, at *4 (N.D. Cal. Mar. 20, 2017) (noting that "a limitation to one- and two-step instruction work is more restrictive than a limitation to simple, repetitive tasks"). Moreover, as set forth *supra*, the inclusion of Dr. Liss' opinion in the RFC would limit Plaintiff to reasoning level one jobs, and the ALJ found Plaintiff capable of performing reasoning level two jobs. *See supra* pp 7–8. Thus, by adopting the above-mentioned RFC, the ALJ necessarily rejected Dr. Liss' 1–2 step tasks limitation without providing any justification for doing so. *See Vaenkham v. Berryhill*, No. 1:16-CV-001756-BAM, 2018 WL 1478375, at *4 (E.D. Cal. Mar. 27, 2018).

Therefore, the Court finds the ALJ erred in rejecting Dr. Liss' 1–2 step tasks limitation without explanation, and that error was not harmless. *See Vaenkham*, 2018 WL 1478375, at *5 (concluding "the ALJ erred in rejecting the reviewing psychiatrists' '1–2 step tasks' limitation without explanation and that the error was not harmless"); *see also Zavalin*, 778 F.3d at 846–48 (remanding so the ALJ could resolve the conflict between the RFC corresponding to reasoning level 2 jobs and jobs identified by the vocational expert requiring reasoning level 3). The Court must remand the matter for the ALJ to reevaluate the medical evidence and, if necessary, obtain additional testimony from a vocational expert to determine whether an individual with Plaintiff's limitations is able to perform work in the national economy.

## VII. CONCLUSION

For the reasons given, the Court finds the ALJ's decision is not free of legal error. Accordingly, **IT IS HEREBY ORDERED**: (1) Plaintiff's Merits Brief is **GRANTED**; (2) Defendant's Opposition Brief is **DENIED**; and (3) the ALJ's decision is **REMANDED** for further proceedings. The Clerk of Court shall enter Judgment accordingly.

///
///
///
///

10

**IT IS SO ORDERED.**

Dated: February 25, 2022

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE